UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE B.A.C. LOCAL 4 PENSION AND ANNUITY FUNDS, TRUSTEES OF THE NEW JERSEY B.A.C. HEALTH FUND, TRUSTEES OF THE NEW JERSEY BM&P APPRENTICE AND EDUCATION FUND, TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE, and RICHARD TOLSON, as Administrator of B.A.C. ADMINISTRATIVE DISTRICT COUNCIL OF NEW JERSEY, <br><br> Plaintiffs, <br><br> v. <br><br> PARTANNA CONSTRUCTION, INC., <br><br> Defendant. | Civ. No. 2:13-7358 (KM) <br><br> **DEFAULT JUDGMENT & ORDER** |

**THIS MATTER** having been opened to the Court by Plaintiffs, Trustees of the B.A.C. Local 4 Pension and Annuity Funds, Trustees of the New Jersey BM&P Apprentice and Education Fund, Trustees of the Bricklayers & Trowel Trades International Pension Fund, Trustees of the International Masonry Institute (collectively, the Fund-Plaintiffs), and Richard Tolson, as administrator of B.A.C. Administrative District Council of New Jersey (the "Union"), by a Motion for Default Judgment against Defendant Partanna Construction, Inc. ("Partanna") (Docket No. 5), pursuant to Fed. R. Civ. P. 55(b)(2); and the motion being unopposed; and having considered the moving papers, including the Declarations of Michael Bauman (Docket No. 6) and Gary Mercadante (Docket No. 7), and the entire case file; and

**IT APPEARING** that Defendant was served with the Complaint on

December 15, 2013 (Docket No. 3), but did not respond; that the Court has jurisdiction pursuant to 29 U.S.C. §§ 1132 and 1145 ("ERISA") and 29 U.S.C. § 185 ("LMRA"); and that the Clerk entered default as to Defendant on January 14, 2013; and

**IT FURTHER APPEARING** that Defendant is an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145; and that Partanna and the Union are parties to a Collective Bargaining Agreement (the "Agreement") defining the conditions of employment for certain Partanna employees (Docket No. 7, Exh. A); and that part of that Agreement provides that Partanna must make specified contributions to the Fund-Plaintiffs; and

**IT FURTHER APPEARING** that the Agreement provides that Partanna "agrees to be bound by all actions taken by the Trustees of these funds pursuant to said Agreements and Declarations of Trust," Docket No. 7, Exh. A at 20; and that, pursuant to the relevant trust agreements, the Trustees of the B.A.C. Local 4 Pension and Annuity Fund have promulgated a Policy for Collection of Delinquent Fringe Benefit Contributions ("Collection Policy"), Docket No. 7, Exh. C; and that this policy provides that Partanna must make its books and records available to the Funds or their representatives in order to verify the number of hours of work performed by certain covered Partanna employees; and

**IT FURTHER APPEARING** that Partanna has refused to allow the Fund-Plaintiffs to perform an audit of its books and records for the period of January 1, 2006 through the present; and

**IT FINALLY APPEARING** that Plaintiffs have submitted sufficient evidence to support their request for relief pursuant to Fed. R. Civ. P. 55(b); and that Plaintiffs have submitted a reasonable request for attorneys' fees and costs in accordance with the Agreement and 29 U.S.C. § 1132; and for good cause shown:

**IT IS** this 5th day of March 2014,

**ORDERED** and **ADJUDGED** that Plaintiffs' Motion for Default Judgment is **GRANTED** and Defendant Partanna Construction, Inc. is **ORDERED** to make its financial records, including payroll ledgers, federal and state tax returns, IRS Form 941, and such other books and records as are necessary to ascertain

whether the proper contributions have been made, available for Plaintiffs' inspection to the extent authorized by the Agreement and Collection Policy; and it is further

**ORDERED** and **ADJUDGED** that Defendant is to pay Plaintiffs $1,113.00 (including $638.00 in reasonable attorneys' fees and $475.00 in court and service fees, incurred in prosecuting this action, pursuant to the Agreement and 29 U.S.C. § 1132); and it is further

**ORDERED** and **ADJUDGED** that this award is without prejudice to further claims that may arise as a result of the audit of books and records authorized herein; and it is finally

**ORDERED** and **ADJUDGED** that Plaintiffs shall serve a copy of this Order on Defendant in person within 10 business days. Plaintiffs shall file proof of such service with the Court.

_____
**KEVIN MCNULTY**
**United States District Judge**